UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR WIGGINS, | : | |
| Petitioner | : | CIVIL ACTION NO. 1:CV-04-0811 |
| vs. | : | JUDGE SYLVIA H. RAMBO |
| UNITED STATES PAROLE, COMMISSION, | : | |
| Respondent. | : | |

# **M E M O R A N D U M**

Petitioner, Victor Wiggins, an inmate confined in the United States Penitentiary, Lewisburg, Pennsylvania, filed this action pursuant to 28 U.S.C. § 2241. Petitioner challenges a decision of the United States Parole Commission to revoke Petitioner's parole, recommit him as a convicted parole violator and require that he serve the unexpired portion of his violator term upon his release from his new criminal conviction. Specifically, Wiggins claims that the Parole Commission failed to conduct a timely parole revocation hearing in accordance with Morrissey v. Brewer, 408 U.S. 471 (1972), and that service of the detainer warrant on him in 1997 constituted execution of the warrant. (Doc. 1, petition). A response (doc. 8) and traverse (doc. 13), having been filed, the petition is ripe for disposition.[1] For the reasons that follow, the court will deny the petition.

---

[1] By Order dated March 15, 2006, Petitioner was afforded the opportunity to supplement his petition for writ of habeas corpus with additional case law. (Doc. 17.) However, to date, Petitioner has failed to file any supplemental information beyond the filing of his traverse.

**Background**

On June 27, 1991, after entering a plea of guilty, Wiggins was sentenced by the District of Columbia Superior Court to a three to nine year term of incarceration for attempted distribution of cocaine.  (Doc. 8, Ex. 1, Judgment and Commitment).  On June 21, 1996, Petitioner was paroled from this sentence, and was to remain under supervision until September 22, 2000.  (Doc. 8, Ex. 2, Certificate of Parole).

In January 1997, Wiggins was arrested in the District of Columbia on new criminal charges.  (Doc. 8, Ex. 6, Sentence Monitoring Computation Data).  On March 14, 1997, after learning of the charges against Wiggins, the District of Columbia Board of Parole ("Board"), issued a detainer warrant charging Wiggins with violating the conditions of his parole by committing new criminal conduct, as well as non-criminal violations.  (Doc. 8, Ex. 3, Notice of Board Order).  On July 7, 1997, the Board conducted a dispositional review of the detainer, (doc. 4) and on July 22, 1997, ordered that the warrant be maintained as a detainer.  (Doc. 5, Notice of Board Order).  On September 18, 1997, the District of Columbia Superior Court sentenced Wiggins on his new criminal charges to nine years imprisonment for aggravated assault.  (Doc. 8, Ex. 6, Sentence Monitoring Computation Data).

Wiggins was subsequently transferred to the jurisdiction of the United States Parole Commission ("Commission"), pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745; D.C. Code § 24-131 (2001).

On February 2, 2000, Wiggins appeared before the Commission for his initial parole hearing on his 1997 sentence for aggravated assault. (Doc. 8, Ex. 7, Initial Hearing Summary). By Notice of Action dated March 7, 2000, the Commission denied parole, and ordered a rehearing in January, 2002, after the service of twenty-four months from Wiggins' parole eligibility date of January 6, 2000. (Doc. 8, Ex. 8, Notice of Action).

On January 10, 2002, the Commission ordered that a combined reconsideration and dispositional revocation hearing be scheduled for Wiggins. (Doc. 8, Ex. 9, Notice of Action). On March 26, 2002, Wiggins appeared before the Commission for his combined reconsideration hearing and dispositional revocation hearing. (Doc. 8, Ex. 10, Hearing Summary). By Notice of Action dated April 11, 2002, the Commission ordered the following:

> Revoke parole. None of the time spent on parole shall be credited; the unexpired portion of your parole violator term shall commence upon your mandatory release from your new conviction (9 year sentence). Continue for a rehearing in March 2004.

(Doc. 8, Ex. 11, Notice of Action).

By Notice of Action dated March 26, 2004, the Commission ordered the following:

> Void that portion of the Notice of Action dated April 11, 2002 that orders a rehearing in March 2004. Remand the case for a continued hearing on the next available docket. At the continued hearing, the Commission will determine a guideline range that applies to both the new 9-year sentence and the violator term. Following the hearing, the Commission will order a decision consistent with the options outlined at 28 C.F.R. § 2.75(a)(1)(i) through (iv).

3

> All other decisions contained in the Notice of Action dated April 11, 2002, remain unchanged.

(Doc. 8, Ex. 12, Notice of Action ).  The Commission's reason for the above decision was that "the Commission applied the incorrect guideline range to [Wiggins'] release decision at the hearing on March 26, 2002." Id.

On April 14, 2004, the Commission conducted Wiggins' rehearing. (Doc. 8, Ex. 13, Hearing Summary).  By Notice of Action dated June 1, 2004, the Commission ordered that Wiggins serve the expiration of his new nine year sentence, and that upon his mandatory release from the nine year sentence, the detainer warrant shall be executed and he shall commence service of the parole violator term. (Doc. 8, Ex. 14, Notice of Action).  The Commission further ordered that Wiggins serve to March 5, 2007 (122 months) on the violator term, a decision within his total guideline range of 108-132 months.  Id.

**Discussion**

Petitioner asserts that he has been in custody since 1997 and has failed to receive a timely revocation hearing for his parole violation.  In support of his assertion, petitioner cites Morrissey v. Brewer, 408 U.S. 471 (1972).  Petitioner contends that Morrissey required that Petitioner be given a revocation hearing, and that the warrant was executed so "the time for the conviction in which [he] was paroled should have been running."  (Doc. 1, petition).

The United States Supreme Court held in Morrissey that a parolee's parole is a liberty interest which is protected by the Fourteenth Amendment and cannot be revoked without due process safeguards.  See Morrissey, 408 U.S. at 482.

However, in <u>Moody v. Daggett</u>, 429 U.S. 78 (1976), the Supreme Court held that the requirement for a timely revocation hearing contemplated under <u>Morrissey</u> did not apply where the individual has already been lawfully deprived of his liberty and is already in custody on a criminal conviction because the "present confinement and consequent liberty loss derive not in any sense from the outstanding parole violator warrant, but from his two [subsequent] . . . convictions." <u>Moody</u>, 429 U.S. at 86. Under <u>Moody</u>, a parole violator is not entitled to a revocation hearing until a parole violator warrant is executed. <u>Id.</u> As the <u>Moody</u> court explained:

> [I]n holding that "(t)he revocation hearing must be tendered within a reasonable time after the parolee is taken into custody," we established execution of the warrant and custody under that warrant as the operative event triggering any loss of liberty attendant upon parole revocation. This is a functional designation, for the loss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant.
> <u>Id.</u> at 87 (quoting <u>Morrissey</u>, 408 U.S. at 488).

In addition to the Fourteenth Amendment, the Commission possesses its own regulations which create parole revocation procedures. The Commission's regulations for D.C. offenders provide that, when a parolee "is serving a new sentence of imprisonment for a crime committed while on parole . . . , a parole violation warrant may be filed against him as a detainer." 28 C.F.R. § 2.100(a). Nevertheless, also pursuant to its regulations, the Commission, in it discretion, decided to hold a combined reconsideration and dispositional revocation hearing. <u>See</u> 28 C.F.R. § 2.100. Following that hearing, the Commission determined that parole should be revoked, and that Wiggins' revocation term should not commence until he has completed service of his new sentence. As such, the warrant will not

5

be executed until Wiggins is mandatorily released from his new sentence. Thus, Petitioner's claim that he was entitled to a prompt revocation hearing and execution of the Commission's warrant is without merit, and the petition for writ of habeas corpus will be denied. An appropriate order is attached.

                                                                s/Sylvia H. Rambo
                                                                SYLVIA H. RAMBO
                                                                United States District Judge

Dated: September 20, 2007.

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR WIGGINS, : | |
| : | |
| Petitioner : | No. 1:CV-04-0811 |
| : | |
| **vs.** : | JUDGE SYLVIA H. RAMBO |
| : | |
| UNITED STATES PAROLE , : | |
| COMMISSION, : | |
| Respondent : | |

## O R D E R

For the reasons set forth in the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **DENIED**.

2. The Clerk of Court is directed to **CLOSE** this case.

                                                                                  s/Sylvia H. Rambo
                                                                                  SYLVIA H. RAMBO
                                                                                   United States District Judge

Dated: September 20, 2007.